IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **RONNIE R. WAYMIRE, SR.,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 09 CV 7539 |
| | ) | |
| v. | ) | |
| | ) | **Jury Trial Requested** |
| **YRC INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES Plaintiff, RONNIE R. WAYMIRE, SR., by his counsel, LISA KANE & ASSOCIATES, P.C., and complaining of Defendant, YRC INC., states as follows:

### PRELIMINARY STATEMENT

1. This action seeks redress for the violation of rights guaranteed to Plaintiff by the Family Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA"). Plaintiff seeks mandatory injunctive relief and damages to redress Defendant's discriminatory employment practices.

### JURISDICTIONAL STATEMENT

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection and redress deprivation of rights secured by 29 U.S.C. § 2601 et seq. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

### VENUE

3. Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2).

### PARTIES

4. Plaintiff, RONNIE R. WAYMIRE, SR., is a citizen of the United States who resides

in Illinois.

5.  Defendant, YRC INC., is a corporation properly recognized and sanctioned by the laws of the State of Delaware. At all relevant times hereto, Defendant conducts, and continues to conduct, business in the State of Illinois in an industry that affects commerce. Defendant is an employer for purposes of 29 U.S.C. § 2601 et seq.

## COUNT I - FMLA RETALIATION

6.  Paragraphs one (1) through five (5) are incorporated by reference as if fully set out herein.

7.  Plaintiff, RONNIE R. WAYMIRE, SR., began working for Defendant on April 20, 1997 as a Road Driver.

8.  Throughout the entirety of his employment with Defendant, Plaintiff has performed to Defendant's reasonable satisfaction at all times material hereto, as evidenced by, without limitation, the longevity of Plaintiff's employment, Plaintiff's elevation to the Million Miler Club in 2007, numerous safety awards, and the fact that Plaintiff has been accident free for the entirety of his employment with Defendant as a Road Driver.

9.  Plaintiff was an eligible employee under the FMLA, insomuch as he had been employed for at least twelve (12) months and had worked at least 1,250 hours for Defendant within the 12-month period immediately preceding him requiring FMLA leave and the suspension of his employment by Defendant. *See* 29 U.S.C. § 2611(2).

10. Defendant is a covered employer under the FMLA, insomuch as it is engaged in commerce or in an industry affecting commerce and employed fifty (50) or more employees for each working day during each of 20 or more calender workweeks in the current or preceding year. *See*

29 U.S.C. 2611(4).

11. Plaintiff was entitled to twelve (12) weeks of leave, or sixty (60) days of intermittent leave, as provided pursuant to the FMLA, because he was a qualifying employee, as alleged above, and he had not taken any other FMLA leave.

12. On August 20, 2009, Plaintiff submitted a request for intermittent FMLA leave to Defendant for his own serious medical health conditions.

13. Concurrent with his application for intermittent FMLA leave, Plaintiff submitted information from his doctor substantiating that he suffers from numerous medical ailments, including high blood pressure, diabetes, a heart condition, a nerve condition, arthritis, depression, and anxiety.

14. Defendant notified Plaintiff that his request for intermittent leave was approved in a letter dated September 25, 2009 which was executed by Katy Weber, from Defendant's Human Resources Department.

15. On October 16, 2009, Plaintiff requested time off from work as intermittent Family Medical Leave to a dispatcher.

16. As a result, Plaintiff began intermittent Family Medical Leave from work for October 17, 2009 through October 19, 2009.

17. Plaintiff returned to work on October 20, 2009 from his intermittent family medical leave.

18. On October 24, 2009, Defendant's Shift Supervisor, Mike Lambert, informed Plaintiff that he was suspended immediately for three (3) days for taking "family sick days" from October 17, 2009 through October 19, 2009.

19.     After Plaintiff volunteered to show Lambert his letter from Katy Weber approving his request for intermittent family medical leave in response to being notified that he was being suspended, Lambert stated to Plaintiff, "I'm not interested in your letter, I have instructions from my supervisor to suspend you."

20.     As a result of being suspended for three (3) days, Plaintiff was without pay for four (4) days due to his status as an hourly worker and given that the driving projects for his job take two (2) days to complete, resulting in Plaintiff unable to be dispatched the day his suspension expired.

21.     Plaintiff's similarly situated comparatives who possess less seniority than Plaintiff who did not take any family medical leave were afforded priority of assignments through being assigned more desirable larger load assignments by Defendant's Line Hall Manager, Ronald Dawson subsequent to Plaintiff returning from Family Medical Leave.

22.     Based on the circumstances surrounding Defendant's suspension of Plaintiff's employment and the less favorable assignments given to Plaintiff subsequent to engaging in protected leave, Defendant treated Plaintiff less favorably because he engaged in protected activity under the FMLA.

23.     Any reasons proffered by Defendant for suspending Plaintiff and affording him lower paying assignments than his similarly situated comparatives subsequent to Plaintiff's return from protected FMLA leave are pretext for willfully discriminating against Plaintiff for exercising his rights under the FMLA.

24.     Defendant's adverse actions constitute willful retaliation against Plaintiff for exercising his FMLA rights, in violation of the FMLA, 29 U.S.C. § 2601 et seq.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, RONNIE R. WAYMIRE, SR., prays for judgment against Defendant and respectfully requests that this Court:

A. Declare the conduct of the Defendant to be in violation of rights guaranteed to Plaintiff under the FMLA;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practices that violate the FMLA;

C. Order Defendant to make whole RONNIE R. WAYMIRE, SR. by providing the affirmative relief necessary to eradicate the effects of the Defendant's unlawful practices;

D. Grant the Plaintiff any consequential, compensatory, punitive and any other damages that the Court may deem appropriate;

E. Order Defendant to pay lost, foregone, and future wages to RONNIE R. WAYMIRE, SR.;

F. Grant the Plaintiff his attorney's fees, costs, and disbursements; and

G. Grant the Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

25. Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this Complaint.

Respectfully submitted,
RONNIE R. WAYMIRE, Plaintiff,

By: s/Lisa Kane
Lisa Kane, Attorney for Plaintiff

Lisa Kane & Associates, P.C.
Attorney for Plaintiff
141 West Jackson Boulevard, Suite 3620
Chicago, Illinois 60604
(312) 606-0383
Attorney Code No. 06203093