## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| RONNIE R. WAYMIRE, SR., | ) ) ) | CASE NO.:  09 CV 7539 |
| Plaintiff, | ) ) | JUDGE KENDALL |
| v. | ) ) |  |
| YRC INC., | ) ) |  |
| Defendant. | ) ) ) |  |

### DEFENDANT YRC INC.'S ANSWER TO COMPLAINT

Defendant YRC INC., ("YRC") through undersigned counsel, states for its Answer to Plaintiff RONNIE R. WAYMIRE, SR.'s ("Plaintiff") Complaint as follows:

### FIRST DEFENSE

### ANSWER TO PLAINTIFF'S PRELIMINARY STATEMENT

1.     This action seeks redress for the violation of rights guaranteed to Plaintiff by the Family Medical Leave Act of 1993, as amended, 29 U.S.C, §2601 et seq. ("FMLA"). Plaintiff seeks mandatory injunctive relief and damages to redress Defendant's discriminatory employment practices.

**ANSWER:**  Paragraph 1 of the complaint purports to characterize the claim and relief sought by Plaintiff.  Such averments are not amenable to admission or denial except that YRC specifically denies that it engaged in any discriminatory employment practices, and that Plaintiff is entitled to injunctive relief or damages. YRC denies any remaining allegations in paragraph 1 of the complaint.

## ANSWER TO PLAINTIFF'S JURISDICTIONAL STATEMENT

2.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 343(a)(3) and (4) and 28 U.S.C. §1331 to secure protection and redress deprivation of rights secured by 29 U.S.C. §2601 et seq. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

**ANSWER:**  YRC admits that federal question jurisdiction is invoked over this matter pursuant to 28 U.S.C. §1331.  YRC specifically denies that Plaintiff is entitled to any damages or declaratory relief and denies any remaining allegations in paragraph 2 of the complaint.

## ANSWER TO PLAINTIFF'S STATEMENT OF VENUE

3.     Venue is proper pursuant to 29 U.S.C. § 1391(b)(1) and (2).

**ANSWER:**  YRC admits that this Court has venue over this matter.  YRC denies that it engaged in any unlawful conduct and denies any remaining allegations in paragraph 3 of the complaint.

## ANSWER TO PLAINTIFF'S STATEMENT OF THE PARTIES

4.     Plaintiff, RONNIE R. WAYMIRE, SR., is a citizen of the United States who resides in Illinois.

**ANSWER:**  Upon information and belief, YRC admits the allegations in paragraph 4 of the complaint.

5.     Defendant YRC INC., is a corporation properly recognized and sanctioned by the laws of the State of Delaware. At all relevant times hereto, Defendant conducts, and continues to conduct, business in the State of Illinois in and industry that affects commerce. Defendant as an employer for purposes of 29 U.S.C. § 2601 et seq.

**ANSWER:**  YRC admits that it is incorporated in the State of Delaware and that it conducts and continues to conduct business in the State of Illinois in an industry that affects commerce. With respect to the allegations made in this complaint, YRC admits that it is an

employer for purposes of 29 U.S.C. § 2601 et. seq.  YRC denies any remaining allegations in

paragraph 5 of the complaint.

### ANSWER TO COUNT 1-ALLEGED FMLA RETALIATION

6.      Plaintiff incorporates by reference paragraphs one (1) through five (5) above as if
fully alleged herein.

**ANSWER:**  YRC restates and incorporates by reference as if fully rewritten herein its

answers to paragraphs one (1) through five (5) of the complaint

7.      Plaintiff, RONNIE R. WAYMIRE, SR., began working for Defendant on or about
April 20, 1997 as a Road Driver.

**ANSWER:**  YRC admits that Plaintiff began working for it as a Road Driver on or about

April 20, 1997. YRC denies any remaining allegations in paragraph 7 of the complaint.

8.      Throughout the entirety of his employment with Defendant, Plaintiff has
performed to Defendant's reasonable satisfaction at all times material hereto, as evidenced by,
without limitation, the longevity of Plaintiff's employment, Plaintiff's elevation to the Million
Miler Club in 2007, numerous safety awards, and the fact that Plaintiff has been accident free for
the entirety of his employment with Defendant as a Road Driver.

**ANSWER:**  YRC denies the allegations in paragraph 8 of the complaint.

9.      Plaintiff was an eligible employee under the FMLA, insomuch as he had been
employed for at least twelve (12) months and had worked at least 1,250 hours for Defendant
within the 12-month period immediately preceding him requiring FMLA leave and the
suspension of his employment by Defendant. *See* 29 U.S.C. §2611(2).

**ANSWER:**  YRC denies the allegations in paragraph 9 of the complaint.

10.     Defendant is a covered employer under the FMLA, insomuch as it is engaged in commerce or in an industry affecting commerce and employed fifty (50) or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding year. *See* 29 U.S.C. 2611(4)

**ANSWER:**  With respect to the allegations made in this complaint, YRC admits that it is

a covered employer under the FMLA, that it is engaged in commerce or in an industry affecting

commerce and that it employed fifty (50) or more employees for each working day during each

of 20 or more calendar workweeks in the current or preceding year. YRC denies any remaining

allegation in paragraph 10 of the complaint.


11.     Plaintiff was entitled to twelve (12) weeks of leave, or sixty (60) days of intermittent leave, as provided pursuant to the FMLA, because he was a qualifying employee, as alleged above, and he had not taken any other FMLA leave.

**ANSWER:**  YRC denies the allegations in paragraph 11 of the complaint.


12.     On August 20, 2009, Plaintiff submitted a request for intermittent FMLA leave to Defendant for his own serious medical health conditions.

**ANSWER:**  YRC denies the allegations in paragraph 12 of the complaint.


13.     Concurrent with his application for intermittent FMLA leave, Plaintiff submitted information from his doctor substantiating that he suffers from numerous medical ailments, including high blood pressure, diabetes, a heart condition, a nerve condition, arthritis, depression, and anxiety.

**ANSWER:**  YRC denies the allegations in paragraph 13 of the complaint.


14.     Defendant notified Plaintiff that his request for intermittent leave was approved in a letter dated September 25, 2009 which was executed by Katy Weber, from Defendant's Human Resources Department.

**ANSWER:**   YRC admits that a request for intermittent FMLA was designated as approved through a letter from Katy Weber of YRC's Human Resources Department dated September 25, 2009.  YRC denies the remaining allegations in paragraph 15 of the complaint.


15.     On October 16, 2009, Plaintiff requested time off from work as intermittent Family Medical Leave to a dispatcher.

**ANSWER:**  YRC denies the allegations in paragraph 15 of the complaint.


16.     As a result, Plaintiff began intermittent Family Medical leave from work for October 17, 2009 through October 19, 2009.

**ANSWER:**  YRC denies the allegations in paragraph 16 of the complaint.


17.     Plaintiff returned to work on October 20, 2009 from his intermittent family medical leave.

**ANSWER:**  YRC denies the allegations in paragraph 17 of the complaint.


18.     On October 24, 2009, Defendant's Shift Supervisor, Mike Lambert, informed Plaintiff that he was suspended immediately for three (3) days for taking "family sick days" from October 17, 2009 through October 19, 2009.

**ANSWER:**  YRC denies the allegations in paragraph 18 of the complaint.


19.     After Plaintiff volunteered to show Lambert his letter from Katy Webber approving his request for intermittent family medical leave in response to being notified that he was being suspended, Lambert stated to Plaintiff, "I'm not interested in your letter, I have instructions from my supervisor to suspend you."

**ANSWER:**  YRC denies the allegations in paragraph 19 of the complaint.

20.    As a result of being suspended for three (3) days, Plaintiff was without pay for four (4) days due to his status as an hourly worker and given that the driving projects for his job take two (2) days to complete, resulting in Plaintiff unable to be dispatched the day his suspension expired.

**ANSWER:**  YRC denies the allegations in paragraph 20 of the complaint.

21.    Plaintiff's similarly situated comparatives who possess less seniority than Plaintiff who did not take any family medical leave were afforded priority of assignments through being assigned more desirable larger load assignments by Defendant's Line Hall Manager, Ronald Dawson, subsequent to Plaintiff returning from Family Medical Leave.

**ANSWER:**  YRC denies the allegations in paragraph 21 of the complaint.

22.    Based on the circumstances surrounding Defendant's suspension of Plaintiff's employment and the less favorable assignments given to Plaintiff subsequent to engaging in protected leave, Defendant treated Plaintiff less favorably because he engaged in protected activity under the FMLA.

**ANSWER:**  YRC denies the allegations in paragraph 22 of the complaint.

23.    Any reasons proffered by Defendant for suspending Plaintiff and affording him lower paying assignments than his similarly situated comparatives subsequent to Plaintiff's return from protected FMLA leave are pretext for willfully discriminating against Plaintiff for exercising his rights under the FMLA.

**ANSWER:**  YRC denies the allegations contained in paragraph 23 of  the complaint.

24.    Defendant's adverse actions constitute willful retaliation against Plaintiff for exercising his FMLA rights, in violation of the FMLA, 29 U.S.C. § 2601 et seq.

**ANSWER:**  YRC denies the allegations contained in paragraph 24 of the complaint.

25.    Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this Complaint.

**ANSWER:** YRC acknowledges that Plaintiff purports to seek trial by jury.  YRC denies that Plaintiff is entitled to a jury trial as to any claim or issue for which Plaintiff is not entitled to a jury under applicable law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, RONNIE R. WAYMIRE, SR., prays for a judgment against Defendant and respectfully requests that this Court:

A.   Declare the conduct of Defendant to be a violation of rights guaranteed to Plaintiff under the FMLA;

B.   Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them from engaging in any employment practice that violate the FMLA;

C.   Order Defendant to make whole RONNIE R. WAYMIRE, SR., by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices;

D.   Grant the Plaintiff any consequential, compensatory, punitive and any other damages that the Court may deem appropriate;

E.   Order Defendant to pay lost, foregone, and future wages to RONNIE R. WAYMIRE, SR;

F.   Grant the Plaintiff his attorney's fees, costs, and disbursements; and

G.   Grant the Plaintiff such further relief as the Court deems necessary and proper in the public interest.

**ANSWER:** YRC  denies that Plaintiff is entitled to any of the damages and other relief requested in the prayer for relief contained on page 5 of the complaint, including all relief requested in subparagraphs A-G.

26.     YRC denies every allegation, whether express or implied, that is not unequivocally or specifically heretofore admitted in this Answer.

## SECOND DEFENSE

27.     The Complaint fails to state a claim for relief under applicable law.

## THIRD DEFENSE

28.     Plaintiff's claim is barred by the doctrines of waiver, estoppel, laches and/or unclean hands.

## FOURTH DEFENSE

29.     Plaintiff's claim is barred by the applicable statute of limitations.

## FIFTH DEFENSE

30.     Any and all actions taken with respect to Plaintiff's employment were for good, just, and legitimate reasons and not for any reason contrary to law.

## SIXTH DEFENSE

31.     Any challenged employment decisions were justified by legitimate, non-discriminatory, non-retaliatory and non-pretextual business reasons and were based upon reasonable factors other than the Plaintiff's alleged protected status and/or his alleged protected activity.

## SEVENTH DEFENSE

32.     Plaintiff has failed to mitigate his damages, if any.

## EIGHTH DEFENSE

33.     If applicable, Plaintiff's claim and/or the damages he seeks are barred or limited by the after-acquired evidence doctrine.

## NINTH DEFENSE

34.     At all times, YRC acted in good faith.

## TENTH DEFENSE

35.     Plaintiff failed to provide notice of a need for FMLA covered leave or to otherwise comply with the FMLA.

## ELEVENTH DEFENSE

36.     YRC did not engage in any willful misconduct or violations of law.

## TWELFTH DEFENSE

37.     Plaintiff is not entitled to liquidated damages under the FMLA.

## THIRTEENTH DEFENSE

38.     Plaintiff is not entitled to punitive damages and is not entitled to relief under the FMLA that is not provided by that statute.

## FOURTEENTH DEFENSE

39.     Some or all of Plaintiff's claims or the relief sought by Plaintiff is controlled by a collective bargaining agreement and is preempted by the Labor Management Relations Act.

## FIFTEENTH DEFENSE

40.     Some or all of Plaintiff's claims or the relief sought by Plaintiff is controlled by a collective bargaining agreement and subject to the grievance-arbitration provision of that collective bargaining agreement.

## SIXTEENTH DEFENSE

41.     YRC reserves the right to raise additional defenses pursuant to law.  Specifically, YRC gives notice that it intends to rely upon such other defenses as may become available or apparent during discovery in this case, and hereby reserves its right to amend this Answer to assert any such defenses in the future.

WHEREFORE, having fully answered, YRC requests that the complaint be dismissed with prejudice and that YRC be granted its costs, expenses, reasonable attorneys' fees, and any

other and further relief as this Court deems just.

Dated: December 28, 2009

Respectfully submitted,

s/Jeffrey T. Williams
Jeffrey T. Williams (Admitted to this Court)
Stephen C. Sutton (application for admission to be submitted)
Baker & Hostetler LLP
3200 National City Center
1900 East Ninth Street
Cleveland, Ohio 44114-3485
Telephone: (216) 621-0200
Facsimile: (216) 696-0740
jwilliams@bakerlaw.com

LR 83.15 LOCAL COUNSEL DESIGNATION:

Erin Bolan Hines (6255649)
BAKER & HOSTETLER LLP
191 North Wacker Drive, Suite 3100
Chicago, IL 60606
Telephone: (312) 416-6200
Facsimile: (312) 416-6201
ehines@bakerlaw.com

*Attorneys for Defendant*

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 28, 2009  a copy of the foregoing *Answer to Complaint* was filed electronically.  Notice of this filing will be sent to all parties and to Judge Kendall by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.


s/Jeffrey T. Williams
*Attorney for Defendant*